IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| L. DELYNN HANSEN,<br><br>                    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | **REPORT & RECOMMENDATION**<br><br>Case No. 2:15-cv-223-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke C. Wells |

District Judge David Nuffer has referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. §636(b)(1)(B).[1]  Before the Court is Defendant United States of America's ("Defendant") Motion to Dismiss.[2]  Upon review of the briefing filed in relation to this motion, the Court finds pursuant to DUCivR 7-1(f) of the United States District Court, Rules of Practice, oral argument is not necessary and would not be helpful in deciding the issues before the Court. Therefore, the undersigned issues the following Report and Recommendation based upon the pleadings.   For the reasons set forth more fully below, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss.

## <u>BACKGROUND</u>

Plaintiff's complaint seeks relief pursuant to 26 U.S.C. § 7433 stemming from the execution of a writ of entry and seizure of Plaintiff's assets on May 16, 2013.  Plaintiff's complaint seeks damages against the United States "for disregard of statutory and regulatory

---

[1] Docket no. 12.

[2] Docket no. 4.

provisions by employees and/or officers [of] the Internal Revenue Service ("IRS") in connection with collection of a tax."[3]

A.    *Hansen v. Black*

In order to provide the proper context for the current lawsuit, the Court will take judicial notice[4] of the following facts from another case filed in this district involving the Plaintiff, his wife, and the Internal Revenue Service.[5]   The facts stated herein are not disputed.   In *Hansen v. Black*, the Court noted that between 2004 and 2013, the IRS recorded Notices of Federal Tax Lien against Mr. Hansen in Utah County for unpaid taxes going back to 1998.  The total value of liens against Mr. Hansen recorded between 2004 and 2013 exceeded $350,000.

The IRS began the process of levying Mr. Hansen's assets in 2012.  In association with these levies, notices were mailed to the Hansen residence in 2012 notifying Mr. Hansen that all of his property and rights to property were subject to levy.  Shortly thereafter, Mr. Hansen transferred title and registration to a 2011 Mercedes SLK 300 to his wife.  On May 15, 2013, the IRS executed a Writ of Entry at the Hansen residence and seized Mr. Hansen's property, including the Mercedes.

In the *Black* case, Plaintiff Mrs. Tamara Hansen challenged the seizure by the IRS of the Mercedes SLK 300 she purported to own although Plaintiff admitted she did not personally pay anything for the vehicle.  Rather, Plaintiff argued she was a purchaser of the vehicle because she and Mr. Hansen had been having martial problems.  Specifically, Plaintiff asserted a claim for wrongful levy against the United States and IRS Agents.  The Magistrate Judge assigned disagreed with Plaintiff's arguments and opined that Plaintiff could not establish the requisite

---

[3] Complaint, at ¶ 5.

[4] *See* F.R.E. 201.

[5] *Hansen v. Black, et al.,* 2:13-cv-736-RJS-PMW.

elements of a wrongful levy and recommended that Defendants' motion for summary judgment be granted.  The District Judge agreed, adopted the Magistrate Judge's report and recommendation and the case was closed.

## B.  Present Lawsuit

Like his wife in *Hansen v. Black*, Plaintiff challenges the legality of the May, 2013 seizure of assets.  However, instead of bringing a claim for wrongful levy, Plaintiff argues the United States of America unlawfully seized his assets in violation of the Internal Revenue Code.

According to Plaintiff, prior to the seizure of his assets, he mailed an offer in compromise to a revenue officer with the IRS.  With his April 29, 2013 offer in compromise, Plaintiff asserts that he enclosed a check in the amount of $316.61, which according to Plaintiff, represented the monthly amount he proposed paying to satisfy his tax obligations.  The offer in compromise was received by the IRS on May 2, 2013.  In its Motion to Dismiss, Defendant states that the offer in compromise was immediately reviewed and rejected by the Group Manager as a constituting a submission made "solely to delay collection."  Based on this denial, Defendant argues the seizure of Plaintiff's assets was proper.

Plaintiff's Complaint states that in an attempt to settle this dispute, he submitted an administrative claim to the IRS.  However, Defendant argues that this administrative claim was not properly filed because Plaintiff sent it to the wrong address.  Therefore, Defendant argues it has not waived its sovereign immunity and therefore this action is improper.

## LEGAL STANDARDS

Defendant moves this Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), (5), and (6), because there is a lack of subject-matter jurisdiction and the Plaintiff has failed to state a claim upon which relief may be granted and plaintiff failed to serve the United States.

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction usually take two forms.[6]  The first form is a "facial attack on the complaint's allegations as to subject matter jurisdiction question[ing] the sufficiency of the complaint," where a court must accept the allegations of the complaint as true.[7]  In the second approach, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[8]  When reviewing this type of a challenge, the court need not presume the truthfulness of the complaint's factual allegations and the court has discretion to allow affidavits, other documents, hold evidentiary hearings and resolve disputed jurisdictional facts.[9]  In such instances, a court's reference to evidence outside the pleadings does not convert a motion to dismiss into a Rule 56 motion.[10]  It then becomes necessary for the party opposing the motion to present evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction.[11]  Defendant argues that it has not waived its sovereign immunity by seizing Plaintiff's assets. Therefore, because the "defense of sovereign immunity is jurisdictional in nature," the Court does not have subject matter jurisdiction over Defendant based on the allegations contained in Plaintiff's Complaint.

---

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[7] *Id. See also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

[8] *Id.*

[9] *See id.* at 1003.

[10] *Id. See also SK Fin. SA v. La Plata County*, 126 F.3d 1272 (10th Cir. 1997).

[11] *See New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1499 (10th Cir. 1995) *(quoting St. Clair v. City of Chico, 880 F.2d 199, 201* (9th Cir. 1989*), cert. denied,* 493 U.S. 1059 (1990)).

Under Rule 12(b)(6) whether a complaint sufficiently states a claim is a question of law.[12]  Pursuant to the Rule 12(b)(6) standards courts accept all well pleaded facts as true and draw inferences from those facts in the plaintiffs' favor.[13]  Legal conclusions, assertions and opinions couched as facts, however, are not presumed to be true.  Rather, the complaint must contain "enough facts to state a claim to relief that is plausible on its face," and claims that fail to raise a right to relief above the speculative level must be dismissed.[14]  A plaintiff must "'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss."[15]

## ANALYSIS

Defendant argues this matter should be dismissed as Plaintiff has not pled a violation of the Internal Revenue Code, has failed to comply with the administrative claim requirements set forth by 26 U.S.C. § 7433 and its attendant regulations, and thus has not pled a valid waiver of sovereign immunity.

### A.  § 7433

26 U.S.C. § 7433(a) provides "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."  However, § 7422 provides "a judgment for

---

[12] *Bauchman v. West High Sch.*, 132 F.3d 542 (10th Cir. 1997), *cert denied*, 524 U.S. 953 (1988).

[13] *Id.* at 550.

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

damages shall not be awarded…unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff with the Internal Revenue Service."

Here, Plaintiff's argues that he had a valid offer in compromise pending with the IRS and therefore no collection activity should have occurred. [16] To counter this argument, Defendant argues that Plaintiff did not have a valid offer in compromise pending at the time of the seizure of his property.  In support of this argument, Defendant points to a Declaration filed in the *Hansen v. Black* case by Revenue Officer Black.  Ms. Black noted that she received an offer in compromise form from Mr. Hansen on May 2, 2013.  This offer in compromise was immediately reviewed that rejected by the Group Manager because it constituted a submission made "solely to delay collection." The following paragraphs of Ms. Black's Declaration filed in *Hansen v. Black* illustrate the exact actions taken by the IRS prior to seizing Mr. Hansen's property:

> d. On May 2, 2013, I received a Form 656, OIC, with the $150.00 fee and a payment of $316.61.  I prepared an OIC-RO Report indicating the OIC should be deemed an attempt "Solely to Delay Collection", in other words, the OIC was not an honest offer but rather an effort to improperly stop the impending seizure of personal assets.  This determination was approved by Group Manager ("GM") Eric Smith in accordance with Internal Revenue Manual ("IRM") 5.8.3.13.1; IRM 5.8.4.20.  Under these sections of the IRM, Mr. Smith has delegated authority to approve the return of an OIC deemed an attempt to delay collection.

> e. The OIC and "attempt to delay" determination (Form 657) was sent to the Centralized Offer in Compromise site ("COIC") to enter the appropriate codes and dates in the IRS's computer records to show an offer was received and returned/rejected.  The COIC generated the letter sent to Mr. Hansen on June 26, 2013, but the OIC was actually rejected as of May 2, 2013 with Mr. Smith's approval.  Mr. Hansen was informed of this rejection at the time of the seizure.

> f. May 16, 2013, I, my GM, and several assisting revenue officers went to the residence of DeLynn Hansen to seize his personal assets.  I informed Mr. Hansen that the Service had denied his OIC, the OIC application fee was non-refundable but the payment submitted with the OIC would be applied to his outstanding tax

---

[16] *See* 26 C.F.R. §301.7122-1(g)(1)("In general. The IRS will not levy against the property or rights to property of a taxpayer who submits an offer to compromise, to collect the liability that is the subject of the offer, during the period the offer is pending, for 30 days immediately following the rejection of the offer, and for any period when a timely filed appeal from the rejection is being considered by Appeals.")

liability. I then served Mr. Hansen with the Form 668-B (Levy) and asked if he could full pay his tax liability. He said no.

According to the regulations, the process detailed by Ms. Black was proper. 26 C.F.R. § 301.7122-1 (g)(4) provides: "If the IRS determines… the offer was submitted solely to delay collection, or that the offer was otherwise nonprocessable, then the IRS may levy to collect the liability that is the subject of that offer at any time after it returns the offer to the taxpayer." Ms. Black's declaration offers support for the argument that the IRS had made a proper determination that Mr. Hansen's offer in compromise was made solely for purposes of delay and therefore levy of his assets was proper. Plaintiff raises several arguments in his opposition memorandum as to how the IRS violated § 7433. However, the Court finds these arguments to be without merit. Therefore, for essentially the same reasons as argued by Defendant in their motion to dismiss and reply memorandum, the Court finds Plaintiff has failed to adequately plead a violation of the Internal Revenue Code or applicable regulations. In turn, Plaintiff has failed to plead a claim upon which relief may be granted and the Complaint should be dismissed on this ground. Moreover, because the Court has found that the actions of the IRS agents did not violate § 7433 or the IRS regulations, any amendment to Plaintiff's complaint would be futile and should not be allowed.

### B.  Administrative Claim & Waiver of Sovereign Immunity

"It has long been established…that the United States, as sovereign, 'is immune from suit save as it consents to be sued…and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit.'"[17]  Therefore, the party bringing an action against the United States bears the burden of establishing that the United States has waived sovereign

---

[17] *U.S. v. Testan*, 424 U.S. 392, 399 (1976)(internal citations omitted).

immunity.[18]  "Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and many not be extended beyond the explicit language of the statute.[19]

The Treasury Regulation applicable to the submission of an administrative claim states in relevant part:

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages as defined in paragraph (b) of this section shall be sent in writing to the Area Director, Attn:  Compliance Technical Support Manager *of the area in which the taxpayer currently resides*.[20]

Here, Plaintiff admits that he sent his administrative appeal to the wrong address.  As Defendant points out, this is a direct violation of the applicable regulations and demonstrates that Plaintiff has failed to exhaust his administrative remedies.  Further, any waiver of sovereign immunity must be construed in favor of the sovereign.[21]  Because the Court finds that Plaintiff failed to comply with the administrative claim requirements he has not pled a valid waiver of sovereign immunity.  Therefore, in addition to finding Plaintiff has failed to state a claim for which relief can be granted, the Court finds Plaintiff's complaint should be dismissed for failure to exhaust administrative remedies and for failure to show that the United States has waived its sovereign immunity.

Because the Court recommends that Plaintiff's Complaint be dismissed for the reasons set forth above, the Court will not address the Defendant's arguments with regard to the Plaintiff's failure to serve process.

---

[18] *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

[19] *Id*. at 1202.

[20] 26 C.F.R. § 301.7433-1(e)(1)(emphasis added).

[21] *U.S. v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

**CONCLUSION & RECOMMENDATION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant's motion to dismiss[22] be **GRANTED** and Plaintiff's Complaint in this case be **DISMISSED.**

**NOTICE**

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to objection.[23]  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

DATED this 10 March 2016.

Brooke C. Wells
United States Magistrate Judge

---

[22] Docket no. 4.

[23] See 28 U.S.C. §636(b)(1).